IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-GPG

JOSHUA LAMONT SUTTON,

      Plaintiff,

v.

THE UNITED STATES,
THE SOCIAL SECURITY ADMINISTRATION, and
THE COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Joshua Lamont Sutton, is in the custody of the Colorado Department of Corrections (CDOC) at the Centennial Correctional Facility in Cañón City, Colorado. Mr. Sutton has filed, *pro se*, a Prisoner Complaint.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

**I.  Complaint**

In the Complaint, Mr. Sutton alleges that he has a long history of extreme mental illness.  He further alleges that his requests for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, have been denied.  (ECF No. 1, at 2-4).  According

to Plaintiff:

> After my release from prison, on October 16, 2011, through August 31, 2012, defendant United States, defendant Social Security Administration, or defendant Colorado Department of Corrections, or all of the defendants wilfully or recklessly or negligently denied or cause me to be denied social security income or other program benefits.

(*Id.* at 4).  Mr. Sutton's most recent claim for benefits was submitted to the Social Security Administration (SSA) on February 1, 2013.  Plaintiff asserts that "the [SSA] has not finally denied my claim in writing or otherwise responded." (*Id.* at 4).  Plaintiff purports to seek judicial review of the SSA's failure to act on his claim(s) for disability benefits, pursuant to 42 U.S.C. § 405(g).  He also asserts a claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*  For relief, Mr. Sutton requests social security benefits and damages.

## II. Sufficiency of Claims

### A.  Judicial Review pursuant to 42 U.S.C. § 405(g)

Construing the Complaint liberally, Plaintiff seeks judicial review of past decisions by the Commissioner of Social Security to deny him benefits and/or the failure of the Commissioner to act on his 2013 claim for benefits, pursuant to 42 U.S.C. § 405(g).  The statute provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

28 U.S.C. 405(g).

Mr. Sutton alleges that he filed claims for social security benefits before 2013, which were denied.  He does not state whether he received a hearing before an ALJ on any of those claims, appealed any ALJ decision to the SSA Appeals Council, or filed an action under § 405(g) for judicial review within 60 days of receiving a final decision. The Court observes that the sixty-day time period under § 405(g) is a statute of limitation rather than a jurisdictional bar, *see Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976), and is subject to equitable tolling.  *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

It is not clear whether Mr. Sutton intends to seek judicial review of claims for social security benefits that were denied before 2013.  Plaintiff should clarify his intent in the amended complaint that he will be directed to file.

Mr. Sutton also alleges that he has not received a response from the Commissioner to his most recent claim for benefits, submitted in February 2013. However, some type of administrative decision is required as a condition of judicial review under § 405(g).  *Mathews*, 424 U.S. at 328.  If, as Plaintiff alleges, there has been no decision by the Commissioner that is reviewable under § 405(g), the Court lacks jurisdiction over the claim.  *See Mathews v. Diaz,* 426 U.S. 67, 71–72 n. 3 (1976) ("[T]he complaint does not allege, and the record does not show, that the Secretary has taken any action . . . that is tantamount to a denial. It follows that the District Court lacked jurisdiction over their claims*, see Weinberger v. Salfi,* 422 U.S. 749, 764 . . . .").

Accordingly, Mr. Sutton should state, in the Amended Complaint, whether the Commissioner has acted on his February 2013 claim for benefits.

3

### B. Claims Against United States

Mr. Sutton's FTCA claim against the United States is barred by 42 U.S.C.

§ 405(h).  Section 405(h) provides in relevant part: "No action against the United States,

the Secretary, or any officer or employee thereof shall be brought under section 1331 or

1346 of Title 28 to recover on any claim arising under this subchapter." The subchapter

referred to is Title II, which contains age-old, survivors and disability insurance

programs.

Mr. Sutton seeks benefits under Title II.  (ECF No. 1, at 2-3).  The jurisdictional

basis for Plaintiff's claim against the United States is 28 U.S.C. § 1346(b).  Congress

has foreclosed relief against the United States under the FTCA for an action arising out

of the denial of social security benefits.  *Cf. Weinberger v. Salfi,* 422 U.S. 749, 756-61

(1975) (holding that § 405(h) bars federal-question jurisdiction of any claim arising

under Social Security Act except pursuant to § 405(g)); *Shalala v. Ill. Council on Long*

*Term Care, Inc*., 529 U.S. 1, 5, 10 (2000) (concluding that § 405(h) barred

federal-question jurisdiction in case challenging Medicare-related regulations; § 405(h)

purports to make exclusive judicial review method set forth in statute); *Puente v.*

*Callahan*, No. 97-1056, 1997 WL 408060,  at *2 (10th Cir. July 18, 1997) (unpublished)

(FTCA claim premised on negligent handling of social security benefits was foreclosed

by § 405(h)).  The Court therefore lacks jurisdiction over the purported FTCA claim. *See*

*Midland Psychiatric Associates, Inc. v. U.S.*, 145 F.3d 1000, 1005 (8th Cir. 1998)

(concluding that court lacked jurisdiction over FTCA claim pursuant to § 405(h)); *Jarrett*

*v. United States*, 874 F.2d 201, 203-04 (4th Cir. 1989) (same).

Furthermore, Plaintiff may not, in the Amended Complaint, assert a constitutional

claim against the United States under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971).  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction.  See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996).  The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States).

For the reasons discussed above, the United States is an improper party to this action and should not be named as a Defendant in the Amended Complaint.

### C.  Claims Against the CDOC

The CDOC is not a proper party to a suit for judicial review of an administrative decision to deny social security benefits.  *See* 28 U.S.C. § 405(g).  Furthermore, any constitutional claims that Mr. Sutton might assert against the CDOC pursuant to 42 U.S.C. § 1983 are barred by Eleventh Amendment immunity, which extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (immunity of CDOC).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Accordingly, the CDOC is an improper party to this action and should not be named as a Defendant in the Amended Complaint.

### D.  Fed. R. Civ. P. 8

Mr. Sutton will be directed to file an Amended Complaint that complies with Fed. R. Civ. P. 8.

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the Amended Complaint, Mr. Sutton should allege when and why his administrative claims for social security benefits were denied and why he believes that the decisions were erroneous.  If available, Plaintiff should attach to the Amended Complaint copies of any administrative decisions denying his claim(s) for social security benefits.  The Commissioner of Social Security is the proper defendant to an action for judicial review under § 405(g).

If Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the instant action may be dismissed without prejudice. However, Plaintiff is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires.  *See Rodriguez v. Colorado*, No. 12-1494, 521 F. App'x 670, 671-72 (10th Cir. March 22, 2013).  Pursuant to Section 405(g) of the Social Security Act, a civil action must be commenced by a plaintiff "within

sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED April 23, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge