IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-GPG

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

DAVID HARRIS,
CHRISTOPHER ASHLEY,
ANDREA NICHOLS, and
SEVERAL UNKNOWN CDOC EMPLOYEES,

    Defendants.

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Joshua Lamont Sutton, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Canón City, Colorado.  Mr. Sutton has filed *pro se* an Amended Complaint (ECF No. 6) pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights from 1999 to the present.  Mr. Sutton seeks damages and declaratory relief.

    The court must construe the Amended Complaint liberally because Mr. Sutton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sutton will be ordered to show cause why claims one, two and three asserted in the Amended Complaint should not be dismissed as untimely. Mr. Sutton

will also be directed to file a Second Amended Complaint.

**I. Order to Show Cause**

Mr. Sutton asserts four claims for relief in the Amended Complaint. Claims one and two are based on assaults by other inmates that occurred in August 1999 and January 2011, respectively. (ECF No. 6, at 5). In claim three, Mr. Sutton asserts an Eighth Amendment claim based on the following facts: failing to protect him from assaults by other inmates; repeatedly housing him in solitary confinement; and releasing him from prison twice without helping him secure social security benefits for his mental disorders. (*Id.* at 7). All of these events are alleged to have occurred on or before October 2011. (*See generally id.* at 4-5, 7).

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The applicable statute of limitations for a § 1983 claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). The statute of limitations begins to run when a claim accrues. Under federal law, a § 1983 claim accrues "when

the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

The events on which Mr. Sutton's first, second and third claims are premised occurred between August 1999 and October 2011. In addition, Mr. Sutton alleges facts that demonstrate he was aware of his injuries when they occurred. Therefore, because the original Complaint in this action was not filed until April 22, 2015, the running of the statute of limitations is obvious from the face of the Amended Complaint.

"[W]hen a federal statute [like § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013). Thus, in most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). For example, equitable tolling of a statute of limitations is appropriate when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.* However, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Mr. Sutton does not allege any facts to suggest that the applicable statute of limitations should be tolled as a matter of equity or for any other reason. Therefore, Mr. Sutton will be ordered to show cause why claims one, two and three of the Prisoner Complaint should not be dismissed as untimely.

## II. Order to Amend West

### A. Claims One and Two

Even if claims one and two are not time-barred, they are asserted against private individuals who are inmates at the Centennial Valley Correctional Facility, Defendants Harris and Ashley. (ECF No. 6, at 3).

Under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991 (1982). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks omitted). Private persons may be said to act "'under color of' state law" if they are "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). However, "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

4

50 (1999); *see also Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

The Amended Complaint is deficient because Mr. Sutton does not allege any facts to demonstrate that the assaults by Defendants Harris and Ashley were fairly attributable to the state.

**B. Claim Three**

To the extent claim three is not time-barred, Applicant fails to allege the personal participation of any CDOC employee in an alleged deprivation of his Eighth Amendment rights.

Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Sutton may sue unknown CDOC employees as John and Jane Doe Defendants if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must nonetheless allege facts to show each unknown defendant's personal participation in the alleged constitutional deprivations and provide sufficient information so that the defendant can be identified for purposes of service.

### C.  Claim Four

In claim four, Mr. Sutton alleges that from November 2014 to the present, Defendant Nichols, a CDOC employee, has "repeatedly refused to allow me to read any part of the Social Security Act, and or do my treatment needs." (ECF No. 6, at 7).

Claim four as pleaded is deficient because the assertions against Defendant Nichols are conclusory and fail to show the Defendant's personal participation in a violation of Plaintiff's constitutional rights. *See Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir.1993) (vague, conclusory allegations are insufficient to form the basis for a § 1983 cause of action); *Hall,* 935 F.2d at 1110 (same); *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D. Colo. 1991), *aff'd* 961 F.2d 916 (10th Cir. 1992) (same).

## III.  Orders

For the reasons discussed above, it is

ORDERED that Mr. Sutton show cause in writing within **thirty (30) days from the date of this order** why claims one, two and three of the Amended Complaint should not be dismissed as barred by the applicable statute of limitations. It is

FURTHER ORDERED that if Mr. Sutton fails to show good cause within the time

allowed the action will be dismissed without further notice.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this Order**, Mr. Sutton shall file a Second Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Sutton shall obtain a copy of the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov and shall use the form in filing a Second Amended Complaint. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED May 29, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge