IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-GPG

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

PROFECTO, Mr.,
JOHN DOE (1),
JOHN DOE (2),
MRS. MOORE,
RICHARD POUNDS,
MR. O'CONNOR,
JOHN DOE (3),
JOHN DOE (4), and
JANE DOE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

    Plaintiff, Joshua Lamont Sutton, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Canón City, Colorado. Mr. Sutton has filed *pro se* a Second Amended Complaint (ECF No. 6) pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights from 1999 to 2011. Mr. Sutton seeks damages and declaratory relief.

    The court must construe the Second Amended Complaint liberally because Mr. Sutton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sutton will be directed to file a Third Amended Complaint.

**I. Allegations of the Second Amended Complaint.**

Mr. Sutton alleges the following facts in the Second Amended Complaint. In August 1999, he was incarcerated at the Arkansas Valley Correctional Facility (AVCF), where Defendant Profecto, a case manager, intentionally placed him in a cell with inmate Harris, who was a known to sexually assault his male cell mates. Harris repeatedly punched and fondled Plaintiff and told Plaintiff that he would not cease his behavior unless Plaintiff cooperated with his sexual proclivities. When Plaintiff complained to Defendant John Doe 1, a shift commander, and asked to be separated from Harris, Defendant told him to return to his cell. In April 2000, Mr. Sutton beat his cell mate unconscious because of the stress and was placed in isolation by Defendant John Doe 2, a case manager, for over a year before he was released on mandatory parole. Plaintiff was denied access to mental health treatment during that time. After Mr. Sutton violated parole and was reincarcerated, he repeatedly choked or punched inmates and was diagnosed with psychosis caused by post-traumatic stress disorder.

In April 2002, while Plaintiff was incarcerated at Centennial Correctional Facility (CCF) following his parole violation, he told Defendant Moore, a case manager, that he had received threats from other inmates as a result of his reporting on Harris, but Moore refused to separate him from those inmates and denied him access to mental health treatment. Defendant Moore also placed Mr. Sutton in an isolation cell after he attacked an inmate. Plaintiff remained in the isolation cell until 2008.

In March 2003, while Mr. Sutton was at the Colorado Mental Health Institute in Pueblo, Colorado, Defendant Richard Pounds diagnosed him with psychosis caused by post traumatic stress disorder and learned that Plaintiff had planned to commit suicide

with some razor blades in his possession. However, Pounds returned Plaintiff to the isolation cell at CCF without providing any mental health treatment.

In November 2010, while Mr. Sutton was incarcerated at Limon Correctional Facility (LCF), Defendant O'Connor, an LCF case manager, assured Plaintiff that he would be separated from Harris, who was incarcerated at the same facility, after Plaintiff told him about his prior history with Harris. However, O'Connor never moved him. Plaintiff alleges that he was forced to trade sexual acts for protection from Harris. Defendant O'Connor also denied Plaintiff access to mental health treatment. Defendant John Doe 3, another LCF case manager, shared an office with Defendant O'Connor and knew that O'Connor had failed to separate Plaintiff from Harris, but John Doe 3 failed to take any remedial action.

On March 1, 2011, Defendant John Doe 4, an LCF escort sergeant, escorted Plaintiff to medical, told Plaintiff to remove his clothing, then "stared at [Plaintiff's] naked body and said if [Plaintiff] did not cooperate [his] face would meet the ground." (ECF No. 8, at 9).

On October 1, 2011, while Mr. Sutton was incarcerated at BVCF, Defendant Jane Doe, a case manager, read his file, placed him next to an inmate that Plaintiff had previously reported as sexually abusing him, moved Plaintiff to an isolation cell, refused to help him apply for social security income benefits, and did not provide him access to mental health care.

Plaintiff finally received mental health treatment beginning in October or November 2014.

For relief, Mr. Sutton requests compensatory and punitive damages.

**II. Statute of Limitations**

The events on which Mr. Sutton's claims are premised occurred between August 1999 and October 2011. Plaintiff initiated this action on April 22, 2015.

The applicable statute of limitations for a § 1983 claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). The statute of limitations begins to run when a claim accrues. Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted). Mr. Sutton's factual allegations demonstrate that he was aware of his injuries when they occurred.

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

On May 29, 2015, Magistrate Judge Gordon P. Gallagher entered an Order (ECF No. 7) directing Plaintiff to show cause why his claims should not be dismissed as barred by the applicable two-year limitation period.

"[W]hen a federal statute [like § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." *Heimeshoff v.*

*Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013). Thus, in most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

In his Response to the Order to Show Cause (ECF No. 9), Mr. Sutton asserts that the two-year limitation period did not commence until he began to receive treatment for his serious mental disorder in October/November 2014. Plaintiff relies on COLO.REV.STAT. (C.R.S.) § 13-81-103 (2014), which provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability, and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates. *See id.* at § 13-81-103(1)(c), C.R.S. Whether Plaintiff is entitled to invoke the tolling provision in § 13-81-103(1)(c), C.R.S. cannot be resolved on the face of the Complaint. Accordingly, this action is not subject to *sua sponte* dismissal as untimely.

**III. Deficiencies in Second Amended Complaint**

Mr. Sutton has been directed to amend his original pleading twice. In each pleading, he has named different Defendants and substantially amended his factual allegations. However, several deficiencies remain in the Second Amended Complaint. Because each pleading has improved upon the prior pleading, the Court will allow Plaintiff one final opportunity to amend in order to state an arguable claim for relief against the named Defendants.

Plaintiff alleges that Defendants John Doe 2, Moore, O'Connor and Jane Doe failed to provide him mental health treatment. However, he fails to allege specific facts to show that the Defendants, who are case managers at different CDCO facilities, were

responsible for ensuring that he received mental health care, or that the Defendants actively interfered with his access to mental health care. Mr. Sutton was warned in the May 29, 2015 Order Directing Plaintiff to File Second Amended Complaint that personal participation was an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). Accordingly, in the Third Amended Complaint, Mr. Sutton must allege specific facts to show how the case manager Defendants denied him access to health care, in violation of his Eighth Amendment right to adequate medical care.

Next, Plaintiff alleges that Defendants John Doe 2, Moore, and Jane Doe placed him in an isolation cell for periods exceeding one year. However, his bare factual allegations fail to state an arguable claim for deprivation of his Fourteenth Amendment due process rights.

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221, (2005). State policies or regulations, however, may create a liberty interest in avoiding particular conditions of confinement when they "'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* at 221-23, (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The court must consider several nondispositive factors in determining whether a

certain confinement imposes "atypical and significant hardship" (and thus a liberty interest in avoiding such confinement). *Estate of DiMarco v. Wyo. Dep't of Corrs., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Rezaq v. Nalley,* 677 F.3d 1001, 1012 n.5 (10th Cir. 2012).  The factors include "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate." *Estate of DiMarco*, 473 F.3d at 1342. "[A]ny assessment [of these factors] must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Id.*

In the Third Amended Complaint, Mr. Sutton must allege facts to show that the conditions of his placement in an isolation cell were more onerous or extreme than the conditions in general population.

Mr. Sutton's allegations against Defendant John Doe 4 are vague.  Verbal threats without more, do not violate the Eighth Amendment.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir.1992); *see also Alvarez v. Gonzales*, No. 05-6129, 155 F. App'x 393, 396 (10th Cir. Nov. 10, 2005) (unpublished) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'") (quoting *Northington*, 973 F.2d at 1524).

Finally, Mr. Sutton's remaining allegations against Defendant Jane Doe, a BVCF case manager, are insufficient to state an arguable deprivation of his constitutional rights.  Plaintiff states that the Defendant "placed him next to one of inmates [he] had reported sexually abused [him] (ECF No. 8, at 9) before moving him to an isolation cell,

7

and denied his requests for assistance in applying for Social Security benefits.  Mr. Sutton's allegations fail to show that Defendant acted with deliberate indifference to a serious risk of harm to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Moreover, the Constitution is not implicated by a prison official's refusal to assist an inmate in applying for Social Security benefits.

## IV.  Orders

For the reasons discussed above, it is

ORDERED that the May 29, 2015 Order to Show Cause is DISCHARGED.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this Order**, Mr. Sutton shall file a Third Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Sutton shall obtain a copy of the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov and shall use the form in filing a Third Amended Complaint. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file a Third Amended Complaint that complies with this Order as directed, some or all of this action may be dismissed without further notice.

DATED July 22, 2015, at Denver, Colorado.

BY THE COURT:

　s/ Gordon P. Gallagher　　　
United States Magistrate Judge