IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiffs,

v.

MR. PROFECTO,
JOHN DOE (1),
JOHN DOE (2),
MRS. MOORE,
DR. RICHARD POUNDS,
MR. O'CONNOR,
JOHN DOE (3), and
LASANDRA BACA,

Defendants.

---

# DEFENDANT POUNDS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

---

Dr. Richard Pounds, by and through the Office of the Colorado Attorney General and the undersigned assistant attorney general and pursuant to Fed.R.Civ.P. 12(b)(6) and (1), files this motion requesting the Court to dismiss Plaintiff's claims against him.

## BACKGROUND

Plaintiff brings this *pro se* 42 U.S.C. §1983 prisoner action against Dr. Pounds and others, asserting claims that allegedly accrued as far back in time as August 1, 1999. *See* Third Amended Complaint, doc. # 13 at 4, ¶2. He names defendant Pounds as a physician who in 2003 was contracted by the Colorado Department of Corrections ("DOC") to provide mental health services to Plaintiff. *Id.*, at 3, ¶6.

The only allegations Plaintiff makes concerning Dr. Pounds are that Dr. Pounds diagnosed Plaintiff with psychosis, doc. #13 at 5, ¶4; that from about January 1, 2003 through October 1, 2008 Dr. Pounds and another defendant sent Plaintiff from the prison general population to a facility where he could not come out of the cell or enjoy activities out of the cell, took away his sentence reduction credits totaling about two years, and did not tell him when he would be released, *id.*, at 8-9, ¶6 (Sixth Claim); and that on or about April 1, 2003 Dr. Pounds expelled Plaintiff from the State Hospital and sent him back to CDOC after Dr. Pounds found out that Plaintiff had turned in razor blades he had previously planned to use to commit suicide with. *Id.*, at 9, ¶7.

Plaintiff seeks declaratory and injunctive relief, damages, costs, and fees. *Id.*, at 11. For the reasons set forth below, Plaintiff's claims against Dr. Pounds should be dismissed.

## SUMMARY OF THE ARGUMENT

Plaintiff's claims against Dr. Pounds are barred by the two-year statute of limitations and by qualified immunity. In addition, Plaintiff's allegations against Dr. Pounds fail to state a claim for relief upon which any relief can be granted.

## ARGUMENT

### A. Plaintiff's claims against Dr. Pounds are barred by the two-year statute of limitations governing 1983 actions.

Although normally a defendant in a civil case may not raise the limitations affirmative defense by means of a motion to dismiss, the issue may be resolved by a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Here, the actions of Dr. Pounds that Plaintiff com-

plains of allegedly occurred in January and April 2003. *See* doc. # 13, Claims Six and Seven.

Federal courts look to state law in determining whether section 1983 actions are timely brought. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir.2010) ("[i]n a §1983 action, state law governs issues regarding the statute of limitations"). Colorado law requires section 1983 actions to be brought within two years of accrual. Colo.Rev.Stat. § 13-80-102(1)(g) (two year statute of limitation for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); *see also Fogle v. Pierson*, 453 F.3d 1252, 1258 (10th Cir. 2006) ("[w]e have made clear that the statute of limitations for 1983 actions brought in Colorado is two years from the time the cause of action accrued"). A civil rights action accrues when facts that would support a cause of action are or should be apparent. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir.1995)*; Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) ("[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action").

Thus, based on Plaintiff's allegations, Plaintiff's claims against Dr. Pounds, if any, accrued between January and April 2003 when Dr. Pounds allegedly violated Plaintiff's Constitutional rights by first removing him from the prison general population and then by expelling him from a State Hospital. Under the applicable statute of limitations, Plaintiff had two years, or until no later than April 2005, to bring any claims arising from those actions. Because he failed to do so, his action against Dr. Pounds is time barred.

**B. Plaintiffs' individual capacity claims against Dr. Pounds are barred by Qualified Immunity**

Plaintiff's allegations that Dr. Pounds sent him from the prison general population, took away his sentence reduction credits, and did not tell him when he would be released after diagnosing him with psychosis do not show a violation of any laws. Neither does the allegation that Dr. Pounds expelled Plaintiff from a hospital after finding out that Plaintiff had possessed razor blades. To the extent Plaintiff brings claims against Dr. Pounds in his individual capacity based on these allegations, such claims are barred by the doctrine of qualified immunity.

When a defendant raises the defense of qualified immunity, a plaintiff must establish that the defendant's conduct violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct. *Hulen v. Yates,* 322 F.3d 1229, 1237 (10th Cir.2003). The plaintiff is held to a heightened standard of pleading and must include all the factual allegations necessary to sustain a conclusion that the defendant violated clearly established law. *Sawyer v. County of Creek*, 908 F.2d 663, 667 (10th Cir.1990). To defeat a defendant's assertion of qualified immunity, the plaintiff must adequately allege a violation of clearly established law and plead facts which, if true, show that any reasonable official would have understood that what he or she was doing violated the plaintiff's rights under that law; i.e., that an objectively reasonable official would have known that his conduct was unlawful. *See e.g. Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir.2005).

Plaintiff must now satisfy his two-part burden by showing that Dr. Pounds' alleged actions violated federal or Constitutional rights, which were clearly established at the time of those actions. If he can-

not, then his claims should be dismissed. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery).

### C. Plaintiff's claims against Dr. Pounds in his official capacity are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that the judicial power of federal courts does not extend to actions against States by private parties. U.S. Const. amend. XI. The U.S. Supreme Court has long interpreted this to bar suits brought by a citizen against the citizen's own state in federal courts, *Hans v. State of Louisiana*, 134 U.S. 1, 10 (1890), and suits brought in federal courts against state officials in their official capacity, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993). Thus, any § 1983 claim for money damages brought against Dr. Pounds in his official capacity is barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction").[1]

**D. Plaint fails to state a claim against Dr. Pounds upon which any relief can be granted.**

Plaintiff brings two of his nine claims against Dr. Pounds. Beyond labeling the claims as Fourteenth and Eighth Amendment violations, Plaintiff cites no law Dr. Pounds allegedly violated. In his Fourth Claim, Plaintiff alleges that defendant Moore and Dr. Pounds sent him from the prison general population to a more restrictive facility, took

---

[1] While the Eleventh Amendment bars claims for retrospective relief such as money damages, it permits suits for prospective injunctive relief against state officials for violations of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Here, however, Plaintiff is not seeking prospective injunctive relief against Dr. Pounds.

two years of his sentence reduction credits, and did not tell him when he would be released. *Id.*, at 8-9, ¶6. In Claim Seven, he alleges Dr. Pounds expelled him from the State Hospital and sent him back to CDOC after finding out Plaintiff had turned in razor blades that he had planned to use in committing suicide. *Id.*, at 9, ¶7. These allegations are insufficient to state a claim against Dr. Pounds and should be dismissed under Fed.R.Civ.P. 12(b)(6).

### 1. Plaintiff fails to state a claim for Fourteenth Amendment violation against Dr. Pounds.

Plaintiff alleges that Dr. Pounds and others violated his Due Process rights guaranteed by the Fourteenth Amendment. The Due Process Clause standing alone confers no liberty interest in freedom from state action taken with respect to a prisoner within the sentence imposed. *See Sandin v. Conner*, 551 U.S. 472, 480 (U.S. 1995). If no constitutionally-protected right is implicated, a plaintiff's 42 U.S.C. § 1983 complaint must be dismissed, *see Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983), because 42 U.S.C. § 1983 does not create any substantive rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 616-18

(1979); *Hill v. Ibarra,* 954 F.2d 1516, 1520 (10th Cir. 1992). Instead, it creates a jurisdictional and procedural vehicle for persons to bring actions to vindicate civil rights guaranteed by federal law.

Therefore, Plaintiff's invocation of the Fourteenth Amendment alone is insufficient to state a Due Process claim against Dr. Pounds.

**2. Plaintiff fails to state an Eighth Amendment violation claim against Dr. Pounds.**

The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, including those that are totally without penological justification. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "After incarceration, only the unnecessary and wanton infliction of pain … constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Even taken as true, for purposes of this motion, none of Plaintiff's allegations against Dr. Pounds rise to the level of an Eighth Amendment violation.

## CONCLUSION

WHEREFORE, for the reasons and authorities set forth above, defendant Dr. Pounds requests the Court to enter an order dismissing all claims brought against him and awarding him all relief authorized by law.

RESPECTFULLY SUBMITTED,

CYNTHIA H. COFFMAN,
Attorney General

*s/Andrew M Katarikawe*
ANDREW M KATARIKAWE*
Senior Assistant Attorney General
Tort Litigation
Civil Litigation and Employment Law Section
Attorneys for State Defendants

1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6616
FAX: 720-508-6032
E-Mail: andrew.katarikawe@state.co.us

*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing DEFENDANT POUNDS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing copies of same in the United States Mail, with first-class postage prepaid, at Denver, Colorado, this 22nd day of October 2015, addressed as follows:

Joshua Sutton
CCF
PO Box 777
Canon City CO 81215

*s/ Denise Munger*