IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MR. PROFECTO,
JOHN DOE (1),
JOHN DOE (2),
MRS. MOORE,
DR. RICHARD POUNDS,
MR. O'CONNOR
JOHN DOE (3), AND
LASANDRA BACA,

Defendants.

---

**CDOC DEFENDANTS' MOTION TO DISMISS**

---

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Moore, O'Connor and Baca (CDOC Defendants), through the Colorado Attorney General, move to dismiss the claims asserted against them in Plaintiff's Third Amended Complaint (Doc. 13) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

Plaintiff Joshua Sutton is an inmate of the Colorado Department of Corrections (CDOC). Doc. 13, p. 2. Sutton sues the CDOC Defendants under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. *Id.* at p. 4. Sutton's claims stem from allegations that, on August 1, 1999, he was placed in a cell with a serial rapist named David Harris by his Case

Manager, "Mr. Profecto."[1] *Id.* Sutton sates that he was sexually assaulted by Harris, which he reported to Profecto and other CDOC employees. *Id.* Thereafter, Sutton sexually assaulted and physically attacked other inmates and outside persons, including his wife. *Id.* at p. 5. Sutton's actions resulted in additional criminal and prison disciplinary convictions. *Id.*

In Claim Five, Sutton asserts that, from approximately April 1, 2002 to January 1, 2003, CDOC Defendant Moore received his statements that he was being repeatedly threatened by other inmates because of reporting the sexual assault by Harris. *Id.* at p. 8. Sutton asserts that Moore repeatedly refused to move him. *Id.* As a result, Sutton committed attempted murder of another inmate, resulting in an additional prison sentence. *Id.*

In Claim Six, Sutton asserts that, from approximately January 1, 2003 through October 1, 2008, Moore and Dr. Pounds sent him from general population to a facility where he could not leave his cell or enjoy activities. *Id.* at p. 9. He further states that they "took my sentence reduction credits totaling about 2 years, and did not tell me when I would be released." *Id.*

In Claim Eight, Sutton asserts that from approximately January 1, 2011 to March 1, 2011, CDOC Defendant O'Connor and another CDOC employee received his statements that Harris was in his prison unit at the Limon Correctional Facility. *Id.* O'Connor verified that Harris had sexually assaulted Sutton and promised Sutton that he would be taken out of the prison immediately. *Id.* Sutton asserts that he was not moved for another four months. *Id.* During that time, Sutton alleges that he was forced to perform sexual acts in exchange for protection from Harris and gang members associated with Harris. *Id.*

[1] Profecto could not be identified as a CDOC employee and has not been served in this action.

Finally, in Claim Nine, Sutton asserts that CDOC Defendant Baca received his statements regarding the sexual assault by Harris and observed his struggle with "extreme social anxiety." *Id.* Sutton claims that Baca informed him that she did not know how to help him and expelled him from the Therapeutic Community at Sterling Correctional Facility. *Id.* Sutton was denied counseling and social support. *Id.*

## STANDARD OF REVIEW

### A. Lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. The determination of a court's jurisdiction over the subject matter is a threshold question of law. *Madsen v. United States ex. Rel. United States Army Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). The party invoking the court's jurisdiction bears the burden of proof. *Marcus v. Kansas Dep't. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). If the opposing party challenges the jurisdiction of the court as a matter of law, the court must accept the factual allegations as true and determine whether those facts state a claim over which the court has jurisdiction. *Amoco Production Co. v. Aspen Group*, 8 F.Supp.2d 1249, 1251 (D. Colo. 1998).

### B. Failure to state a claim.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

## ARGUMENT

### I. Claims Five, Six and Eight against CDOC Defendants Moore and O'Connor are barred by the Statute of Limitations.

A complaint may be dismissed under Rule 12 if it is clear from the complaint itself that the claims are barred by an affirmative defense such as the statute of limitations. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999). Here, because Sutton provides specific dates upon which the alleged violations occurred, it is clear from his Complaint that Claims Five, Six and Eight are barred by the statute of limitations.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations in Colo. Rev. Stat. § 13-80-102. *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993). Claims under § 1983 "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).

Claims Five, Six and Eight involve incidents alleged to have occurred between April 1, 2002 and March 1, 2011. *See* Doc. 13, pp. 8-9. As such, the limitations period expired on March 1, 2013. Sutton filed his original Complaint on April 22, 2015, over two years beyond the limitations period. *See* Doc. 1. Accordingly, the claims against CDOC Defendants Moore and

O'Connor, which are encompassed in Claims Five, Six and Eight, should be dismissed.

## II. The Eleventh Amendment bars any claims for damages against the Defendants in their official capacities.

Under the Eleventh Amendment, states and their agencies are not subject to suit for damages or retroactive imposition of injunctive relief by their own citizens in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

If Sutton is suing the CDOC Defendants in their official capacities, such suits are equivalent to suits against the State and are barred. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000). In addition, a § 1983 action may only be brought against a "person." 42 U.S.C. § 1983. Neither state agencies nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994.

Accordingly, the Court lacks jurisdiction over any claims for damages against the CDOC Defendants in their official capacities.

## III. The CDOC Defendants are entitled to qualified immunity for claims against them in their individual capacities.

Public employees acting in their individual capacities are presumed to be immune from liability. *Schalk v. Gallemore,* 906 F.2d 491, 499 (10th Cir. 1990). Qualified immunity applies in "all but the most exceptional cases," *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 516 (10th Cir. 1998), and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

Once the defense of qualified immunity is asserted, the burden shifts to the plaintiff to

show that qualified immunity is not appropriate. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). The plaintiff must specifically demonstrate that (1) defendant violated a constitutional right, *Brosseau v. Haugen*, 543 U.S. 194 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)), and (2) the right was clearly established and would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "If the [p]laintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendants qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). Under *Pearson v. Callahan*, 555 U.S. 223 (2009), it is not required that the first prong be met before advancing to the second prong, but regardless of the order in which the prongs are reviewed, both prongs must be satisfied. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).

For the reasons set forth below, Sutton fails to meet his burden in establishing that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments.

## IV. Even if not barred by the statute of limitations, Claims Five and Six fail to state a claim upon which relief can be granted.

### A. Claim Five – Eighth Amendment.

An Eighth Amendment failure to protect claim includes an objective and a subjective prong. Sutton must allege that: (1) objectively, the deprivation is "sufficiently serious," i.e., that he is incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, the prison official was deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).

The deliberate indifference standard requires that the defendant have a "sufficiently culpable

state of mind." *Farmer*, 511 U.S. at 834. " [D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. Deliberate indifference means that the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Riddle v. Mondragon*, 83 F.3d 1197, 1204-06 (10th Cir. 1996).

Sutton asserts he was repeatedly threatened due to reporting Harris' sexual assault. Doc. 13, p. 8. Sutton claims that CDOC Defendant Moore received his statements regarding the threats, but refused to move him. Due to stress, Sutton committed attempted murder against another inmate. *Id.*

Sutton provides no facts explaining the type of threat or from whom the threat was made. *Id.* Sutton's bare allegations fail to allege that there was a sufficiently serious deprivation, or that Moore knew of and disregarded an excessive risk to Sutton's safety. *Iqbal*, 129 S.Ct. at 1949; *Farmer*, 511 U.S. at 837.[2]

B. **Claim Six – Fourteenth Amendment.**

To state a Procedural Due Process claim, a plaintiff must allege: (1) a liberty or property interest protected by the Due Process Clause, and (2) that the procedures utilized were inadequate under the circumstances. *See Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001).

---

[2] In addition, counsel is not aware of any clearly established case law supporting the assertion that Sutton's commission of a violent offense against another inmate is a sufficient deprivation under an Eighth Amendment failure to protect analysis.

Sutton appears to base Claim Six on placement in administrative segregation. However, the mere placement of a prison inmate in administrative segregation does not, by itself, implicate a liberty interest. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). An inmate's liberty interest is protected under the Due Process Clause only if the restraints or conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

The Tenth Circuit has identified relevant factors to consider when determining whether placement in administrative segregation implicates a protected liberty interest: (1) whether the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) whether the conditions of placement are extreme; (3) whether the placement increases the duration of confinement; and (4) whether the placement is indeterminate. *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1342 (10th Cir. 2007). "[A]ny assessment must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Id.*

Sutton provides no facts showing the conditions of his confinement were an "atypical and significant" hardship. In addition, Sutton's vague statement regarding his loss of "sentence reduction credits" does not show that the duration of his confinement was increased. Moreover, earned time for CDOC inmates is discretionary. There is no federally-created entitlement to

earned time credit. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).[3]

Finally, even if Sutton has alleged a liberty interest, Sutton fails to allege that the procedures utilized to place him in administrative segregation were deficient. *Wilkinson*, 545 U.S. at 225-6.

### V. Sutton fails to state an Eighth Amendment claim with respect to Claim Nine against CDOC Defendant Baca.

In Claim Nine, Sutton asserts that he was expelled from the Therapeutic Community at the Sterling Correctional Facility by CDOC Defendant Baca after she received his statements concerning the alleged abuse from Harris, as well as the other incidents alleged in the Complaint. Doc. 13, pp. 6, 9. Sutton asserts that Baca's conduct violated the Eighth Amendment. *Id.*

Prison officials are obligated to provide inmates with access to adequate medical care, including mental health care. *See Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980). However, Sutton must show that he suffered from a "sufficiently serious medical need" and that Baca knew of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

Sutton asserts that he was diagnosed with psychosis related to post-traumatic stress disorder. *See* Doc. 13, p. 6. However, the Therapeutic Community is an alcohol and drug treatment program for CDOC inmates. *See* Administrative Regulation 700-20.[4] Sutton's

---

[3] Earned time is awarded towards a CDOC inmate's sentence for substantial progress in rehabilitation or work programs and is governed by C.R.S. §§ 17-22.5-302 and 17-22.5-405.

[4] The Court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

Complaint does not contain sufficient facts regarding a sufficiently serious medical need related to alcohol or drug treatment. Moreover, Sutton states that, subsequent to his alleged expulsion from the Therapeutic Community, he began to receive specialized treatment for his post-traumatic stress disorder, including medication and 20 hours per week or counseling, in a residential treatment program for seriously mentally ill offenders. *See* Doc. 13, p. 6.

In addition, Sutton does not allege sufficient facts in Claim Nine to establish that Baca knew of and disregarded an excessive risk to Sutton's health or safety. *Id.* "Deliberate indifference" is characterized by obduracy and wantonness." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). The conduct must be deliberate in the sense of criminal recklessness. *Farmer*, 511 U.S. at 840. Negligence does not constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

Alternatively, Claim Nine fails under the Fourteenth Amendment, as Sutton does not have a liberty interest in receiving alcohol or drug treatment. An inmate has no right to participate in rehabilitation programs. *Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977); *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981).

## CONCLUSION

For the reasons set forth herein, the CDOC Defendants Moore, O'Connor and Baca respectfully request that Claims Five, Six, Eight and Nine be dismissed.

Respectfully submitted this 9th day of November, 2015.

CYNTHIA COFFMAN
Attorney General

s/ JENNIFER S. HUSS

JENNIFER S. HUSS*
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for CDOC Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6599
Facsimile: (720) 508-6032
E-mail: jennifer.huss@state.co.us
*Counsel of Record

**CERTIFICATE OF SERVICE**

This is to certify that I served the foregoing CDOC DEFENDANTS' MOTION TO DISMISS via United States mail, this 9th day of November 2015 to:

Joshua Sutton, #96416
Centennial Correctional Facility
P.O. Box 777
Canon City, CO 81215

*Courtesy Copies e-mailed to*:
Adrienne Jacobson, CDOC

s/ Mariah Cruz-Nanio