| ADMINISTRATIVE REGULATION<br><br>COLORADO DEPARTMENT OF CORRECTIONS | REGULATION NUMBER<br>600-02 | PAGE NUMBER<br>1 OF 11 |
|---|---|---|
| | CHAPTER: Offender Classification | |
| | SUBJECT: Administrative Segregation | |
| RELATED STANDARDS: ACA Standards 2-CO-4B-03, 3-4238, 3-4240, 3-4241, 3-4242, 3-4244, 3-4247, 3-4248, 3-4249, 3-4253, 3-4283 and 3-4289 | EFFECTIVE DATE: August 15, 2002 | |
| | SUPERSESSION: 08/15/01 | |
| OPR: CSP | Joe Ortiz<br>Executive Director | |

I. POLICY

It is the policy of the Department of Corrections (DOC) to establish and monitor assignments of offenders to the appropriate level of custody required and provide for regular review of each classification. [3-4283] Administrative Segregation is the most controlled environment possible through the classification process which requires unique classification action and review.

II. PURPOSE

This Administrative Regulation establishes criteria and guidelines for segregating high-security risk offenders and members of security threat groups from facility general population offenders. Use of Administrative Segregation is a preventive and management assignment process and is to be distinguished from punitive and disciplinary segregation.

III. DEFINITIONS

A. Administrative Segregation: The most restrictive custody level imposed upon an offender. This custody level will be utilized only after a specific Classification Hearing has determined this custody level is required.

B. Case Management Classification Task Force: A task force of employees to include a chairperson assigned from the Office of Offender Services, one (1) representative from each correctional facility, two (2) representatives from the Divisions of Adult Parole and Community Corrections, one (1) representative from Correctional Industries and one (1) representative from the Division of Clinical Services.

C. Case Manager: An individual employed by or under contract with the DOC or DCJ, responsible for direct involvement with offenders and ensuring an ongoing process of case monitoring, case recording, counseling and guidance. Direct involvement shall also include field community parole officers working in liaison with community contract centers.

EXHIBIT A

D. Classification: The judgmental and discretionary process whereby an offender is regularly reviewed to determine the level of custody and facility assignment.

E. Classification Committee: A committee within each respective facility chaired by the Administrative Head, or designee, and comprised of no less than two (2) members, at or above the level of Correctional Officer III, which is responsible for all classification proceedings within the facility. In facilities where a Classification Committee is not feasible, a Classification Officer will, with the approval of the Administrative Head, act as the Classification Committee.

F. Classification Officer: Any correctional employee, at or above the level of Correctional Officer III, or any person under contract who is assigned responsibilities as a classification officer for classification within a facility or the Central Office.

G. Custody Level: The degree of supervision required for each offender. Custody level utilizes the terms of Minimum, Minimum-Restricted, Medium, Close, and Administrative Segregation.

H. Executive Assignment Order (EAO): An electronic form that authorizes an offender's movement from one permanent facility to another permanent facility, on behalf of the Executive Director, or designee.

I. Punitive Segregation: A disciplinary sanction that may be imposed only after a specific disciplinary hearing has taken place, in accordance with Administrative Regulation 150-01, "Code of Penal Discipline."

J. Removal from Population (RFP): A status reserved for offenders who, for security reasons, must be removed from general population.

K. Security Level: The physical features and operational requirements of a facility. Security levels are referred to in terms of Level I, Level II, Level III, Level IV, and Level V.

L. Security Threat Group: A group of three (3) or more individuals with a common interest, bond, or activity characterized by criminal or delinquent conduct, engaged in either collectively or individually, with the potential to create a security threat to DOC facilities or offices and/or functions within DOC. This shall include, but not be limited to, gangs, disruptive and deviant groups.

M. Short Term Placement: Administrative Segregation placement not to exceed 90 days.

N. Special Needs Offenders: Offenders whose mental and/or physical condition requires special accommodation by staff. Special needs offenders may include, but are not limited to, drug or alcohol addicts or abusers, the emotionally disturbed, mentally retarded, suspected mentally ill, physically handicapped, chronically ill, the disabled or infirm, those with documented custody issues and those with limited academic ability or learning disability.

O. Substantial Evidence: Such evidence that a reasonable mind might accept as adequate to support a conclusion. It is that quality of evidence necessary for a court to affirm a decision of an administrative board.

| CHAPTER | SUBJECT | AR # | Page 3 |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | EFFECTIVE 08/15/02 |

IV. PROCEDURES

A. All factors and evidence relied upon to recommend administrative segregation must be clearly documented in the "Notice for Administrative Segregation," (Attachment "A"). Supporting documentation will be attached to the Notice for Administrative Segregation. Factors which may be considered in initiating placement in Administrative Segregation may include, but not be limited to:

1. An offender's conduct or continued presence in the general population poses a serious threat to life, self, staff, other offenders, property, or the security or orderly management of a facility.

2. Need to contain, prevent or quell a disturbance or riot.

3. Conspiracy to introduce contraband which may result in a criminal action and/or pose a serious threat to the security of the facility.

4. Validation as an acting member, associate or suspect of a security threat group.

5. Prevent escape.

B. Classification Committee: A Classification Committee shall be established in all facilities. The Chairperson shall be a full-time staff member at or above the level of Correctional Officer III. The Classification Committee shall be designated by the Administrative Head of each facility.

1. In facilities where a Classification Committee would not be prudent, a classification officer who has been appointed by the Administrative Head and meets the qualifications for the Classification Committee Chairperson, may act in the role of the Committee.

2. Any tie vote by the Classification Committee shall be resolved by the committee chairperson unless only two (2) members exist, then the Administrative Head may resolve the tie.

3. The Committee will be responsible for all classification proceedings within the facility, and reclassification actions including overrides and criteria waiver consistent with provisions herein.

4. The Classification Committee is the approving authority for all recommendations from case management staff.

5. The chairperson will establish a monitoring process to ensure that all classification actions are being processed at the required periodic review dates in accordance with this Administrative Regulation and assure that all offenders are processed for progressive movement to the lowest appropriate security level. This monitoring process will also review the facility's offender movement waiting list to ensure Executive Assignment Orders (EAO) are received for each offender on their respective waiting list(s).

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | EFFECTIVE 08/15/02 |

C. Removal from Population: The Administrative Head, or shift supervisor, can order immediate segregation when it is necessary to protect the offender or others. The action is reviewed within one (1) working day by the Administrative Head or designee and authorized in writing. [3-4238] For those offenders who are removed from population, the Shift Supervisor must complete DC Form 600-01D, "Removal From Population" (see AR 600-01, "Offender Classification"). The Classification Committee shall review the Removal From Population within 72 hours after the Administrative Head's review.

D. Code of Penal Discipline: The DOC shall provide that an offender is placed in disciplinary detention for a rule violation only after a hearing by the disciplinary committee [3-4240] in accordance with Administrative Regulation 150-01, "Code of Penal Discipline."

E. Hearing Scheduling:

1. The DOC shall require that unless precluded for security or other substantial reasons, all offenders appear at their classification hearing and are given notice 48 hours prior to the hearing; such notice may be waived by the offender in writing. [3-4289] The offender shall receive a copy of the "Notice for Administrative Segregation" (DC Form 600-02A). A Hearing shall be scheduled by the originating facility as soon as practicable but no later than five (5) working days after service of the Notice for Administration Segregation, unless continued for good cause and documented in the record, but no later than thirty (30) days.

2. Continuance: The Classification Committee may grant a continuance for any reasonable period for good cause. The offender shall be notified of such continuance. The reason for the continuance, who made the request, and the new date of the Hearing shall be documented in the record.

3. If an offender is away from the facility, the case shall be continued until such time as the offender returns to the facility.

F. Notice for Administrative Segregation:

1. The initiating employee shall complete a Notice for Administrative Segregation which shall include a summary report setting forth the facts relied upon and reason(s) why the offender should be considered for placement into Administrative Segregation.

2. The Notice for Administrative Segregation shall include, insofar as practicable, the place, date and time of the conduct or situation which forms the factual basis of the Notice for Administrative Segregation.

3. The general substance of any confidential information including time, date and location shall be included in the Notice for Administrative Segregation.

G. Service and Receipt: The Notice for Administrative Segregation shall be served to the offender by an employee of the DOC and a copy shall be forwarded to the Classification Committee with the record of the time and date served and the name of the person serving the Notice. If an offender refuses to accept service of the Notice, such refusal shall be noted in writing, by the employee.

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | EFFECTIVE 08/15/02 |

H. If any amendment to the Notice for Administrative Segregation is made, the offender shall be informed, in writing, of the amendment, and upon request, shall be granted a continuance of at least twenty-four (24) hours to a scheduled Hearing. (Except if the 48-hour notice prior to the hearing has not been met per section IV. E.) Clerical errors are not cause for a continuance.

I. Evidence, Standard and Proof

1. Burden of Proof: The facility shall have the burden of proof to show that the offender should be or continue to be placed in Administrative Segregation. The standard of proof used in the Administrative Segregation process shall be that of substantial evidence.

2. Evidence: The Classification Committee shall admit all reliable, non-repetitious evidence which is probative of the facts of the conduct upon which the Notice for Administrative Segregation is based. The Classification Committee may exclude irrelevant or repetitious evidence. Hearsay evidence may be admitted if such evidence possesses probative value commonly accepted by reasonable persons. Documentary evidence may be received in the form of a copy or excerpt if the original is not readily available.

3. Witnesses: The offender and the Classification Committee shall have the right to require the attendance of witnesses at the Hearing, including the initiating employee, but no offender shall be required to appear or testify against his/her will. Witnesses may be limited by the Classification Committee if their testimony is determined to be unreasonable, irrelevant or repetitious. Offender witnesses may also be limited if their testimony would pose a hazard to institutional security. Any witness limitation and reason(s) therefore shall be documented in the record.

J. Confidential Informants

1. If it is determined by the Classification Committee that public testimony would present a clear and present danger to the safety of a confidential informant, such testimony and/or evidence shall be taken and recorded on audio tape in confidence by the Classification Committee as necessary.

2. A finding of fact, supported by specific evidence of dangerousness, shall be recorded together with the confidential testimony and/or evidence in a separate record and shall not be revealed to the offender at any time. The offender shall, however, be informed at the Hearing of the general substance of the confidential testimony and/or evidence including the place, date and time of the offense(s) or matters alleged. The offender shall have the opportunity to rebut the general substance of the confidential testimony and/or evidence.

3. The Classification Committee shall evaluate the reliability of the informant and state on the record their grounds for finding the informant reliable. The reliability of the informant shall be based on:

a. The informant provided reliable information in the past;

b. The information being offered is based on firsthand observations; or,

c. There is corroboration either from another source or through physical evidence showing the reliability of the informant's information.

K. Rights of Offenders at Administrative Segregation Hearing

1. Appearance: The Classification Committee shall conduct the Hearing with due regard for the rights of the offender. At the commencement of the Hearing, the offender shall be advised of his/her right to remain silent and be informed that any statement she/he makes may be used against him/her in a criminal proceeding. The offender shall also be advised that no adverse inference shall be drawn against him/her if she/he chooses to remain silent during the course of the proceeding. The offender shall be informed of the evidence against him/her, except as otherwise provided herein, and afforded the opportunity to present evidence at the Hearing. The offender shall have the right to be present at the Hearing except where his/her behavior during the Hearing may warrant exclusion. If an offender refuses to appear at the Hearing, the Hearing may be conducted in his/her absence at the discretion of the Classification Committee, as set forth in IV.E. Special care shall be taken by the Classification Committee to assure that the offender has representation when it is determined that the offender is illiterate or the issues are of a complex nature.

2. Evidence: The offender shall be permitted to offer an explanation or rebuttal to the facts and circumstances supporting the Notice for Administrative Segregation. Witness may be called before the Classification Committee at the request of the offender, providing there is no undue hazard to facility security or the normal operations of the facility. The offender witnesses must be willing to attend.

a. The offender or his/her representative may question a witness only through the Classification Committee. Under no circumstances shall an offender be allowed to question or to continue addressing questions to a witness through the Classification Committee when it appears that the questions are primarily intended to harass a witness.

b. If requested by the offender or representative, the Classification Committee shall require employees of the DOC to appear and testify, unless the Classification Committee determines that such testimony would be unreasonable, irrelevant or repetitious.

c. Testimony may be obtained in person, by telephone, sworn statement or offer of proof.

3. Further Inquiry: If required to ensure a fair and impartial hearing, there may be a continuance, and additional information shall be sought by the Classification Committee and incorporated, as appropriate, into the audio recording of the Hearing.

| CHAPTER | SUBJECT | AR # | Page 7 |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | EFFECTIVE 08/15/02 |

L. Classification Committee Assessment and Decision Making

1. The goal of the Classification Committee is to recommend specific actions to the Administrative Head and Chief of Offender Services based on fact and documented on DC Form 600-02B, "Classification Summary - Administrative Segregation Hearing," Attachment "B."

2. The Classification Committee shall strive to reach a consensus on the appropriate action to be instituted.

3. Failing consensus, a motion for action shall be voted on by all members present. No committee member's vote or position shall be weighed more than any others.

4. In all cases where the decision of the Classification Committee is to place the offender in Administrative Segregation, the decision shall be transmitted to the respective Administrative Head as soon as possible and the Administrative Head shall review the decision of the Classification Committee within five (5) working days of its receipt. The Administrative Head may confer with the Chief of Offender Services, or designees, regarding the case and make determination to affirm, modify or reverse the decision. In the interests of justice a new hearing may be ordered. In the event the Administrative Head reverses or modifies the decision of the Classification Committee, the offender shall receive written notice within five (5) working days of the decision.

5. If the Administrative Head denies the Administrative Segregation placement, comments will be made on DC Form 600-2B "Classification Summary - Administrative Segregation Hearing." The Administrative Head will state whether or not the offender can be managed at their facility or should be transferred to another level facility. The offender will then be reclassified and all documentation will be forwarded to Offender Services for determination if further reassignment is necessary.

6. If the decision is to uphold the Administrative Segregation placement, the decision will be forwarded to Offender Services via forms 600-02A and 600-02B. The documented reasons and decision will be reviewed to ensure compliance with this Administrative Regulation. In the event that a discrepancy is discovered (i.e., placement in Administrative Segregation for protective custody) the case will be returned to the Administrative Head with an explanation and options that exist to rectify the discrepancy. Classifications to Administrative Segregation shall not be official until they have completed the review process in Offender Services, and an Executive Assignment Order (EAO) has been issued.

7. Offender Services may place an offender classified at the level of Administrative Segregation at other designated correctional facilities for various periods of time while the offender is awaiting movement. Offender Services will attempt to transfer offenders as soon as bed space is available.

M. Records and Disposition

1. Recording: All Hearings shall be recorded on audiotape. The recording shall be preserved for one hundred eighty (180) days by the Administrative Head, or designee. Upon request to the Administrative Head by the offender, or party in interest, the recording may be held longer.

2. Reasons for the Decision: Upon the conclusion of the Hearing, the Classification Committee shall state on the record the reasons for the decision and any action taken. The Classification Committee shall prepare a written statement of the evidence relied upon, finding of fact, the reasons for the decision. If any evidence relied upon has been determined to be confidential, the evidence may be withheld, but the decision shall state the general substance of the testimony and/or evidence relied upon.

3. Disposition: The offender shall receive written notice of the Classification Committee's decision (DC Form 600-02B) within five (5) working days after the review of the Administrative Head pursuant to section IV.L.4. For good cause, documented in the records, the five (5) working day period may be extended for a reasonable period of time by the Administrative Head.

4. Records and Notification: Upon receipt, the Administrative Head shall forward copies of the decision to the Department and Working Files. Any subsequent changes or amendments to such actions shall be forwarded within five (5) working days of its occurrence to the same files.

N. Offender Appeal: The DOC provides for a classification review and appeal process. [2-CO-4B-03]

1. The Classification Committee's decision to assign an offender to Administrative Segregation may be appealed by the offender to the Administrative Head who may affirm, reverse, or modify the decision. The appeal must be requested in writing, on DC Form 150-01D, "Offender Appeal Form" (see AR 150-01, "Code of Penal Discipline") within seven (7) days after the offender receives a copy of the written decision of the Classification Committee.

2. The Administrative Head may review the audio record of the Classification Committee proceedings. The Administrative Head may reverse or modify the decision if it was not based upon a reasonable assessment of the evidence presented. In the interests of justice, a new Hearing may be ordered. Written notice of the decision shall be given to the offender within thirty (30) days after the receipt of the appeal. **THE ADMINISTRATIVE HEAD'S JUDGEMENT ON APPEAL SHALL BE FINAL**.

O. Expungement: If the Classification Committee's decision to place an offender in Administrative Segregation is reversed by the Administrative Head, all mention of the particular administrative process and decision shall be expunged from the offender's case file records. The Administrative Head shall, within five (5) working days, forward copies of such action to the offender and the Department and Working Files.

P. Administrative Segregation Reviews

1. The status of an offender who had a Classification Hearing which resulted in assignment to Administrative Segregation shall be reviewed by the assigned Classification Officer or the facility Classification Committee every seven (7) days for the first two (2) months of confinement in Administrative Segregation and every thirty (30) days thereafter. [3-4241] All reviews shall consider whether the reasons for initial placement in Administrative Segregation still exist. All such reviews shall be documented in the offender's record utilizing DC Form 600-02C, Administrative Segregation Hearing Review, Attachment "C."

2. A qualified mental health staff member personally interviews and reviews the status of an offender in Administrative Segregation longer than thirty (30) days and prepares a written notation of findings. A similar review will be repeated at least every ninety (90) days thereafter if the offender continues in that status. [3-4244]

3. The DOC shall specify the review process used to release an offender from Administrative Segregation. [3-4242] When the Administrative Segregation Classification Committee determines that continued assignment to Administrative Segregation is no longer appropriate the Committee shall document its findings for review by the Administrative Head. If the Administrative Head concurs, the findings shall be forwarded to the Chief of Offender Services.

4. If approved by the Chief of Offender Services, the facility shall document the reason for removal on DC Form 600-02C and reclassify the offender through Administrative Regulation 600-01, "Offender Classification," forwarding the documents to Offender Services for appropriate facility reassignment and custody designation. If denied, the offender shall be retained in Administrative Segregation. Should the Chief of Offender Services and the Administrative Head disagree, the matter shall be forwarded to the appropriate Director, in writing, within fifteen (15) days for review. The Director will respond with a final decision within five (5) days of receipt.

Q. Offender Personal Property: Basic property for Administrative Segregation offenders will be, at a minimum, consistent with facility procedures governing segregation. Administrative Head will determine allowable property for management purposes.

R. Declaration of Emergency: In the event of a significant facility or center disturbance or emergency situation the Executive Director or the Directors may declare an emergency. Such declaration shall suspend the provisions of this Administrative Regulation.

S. Conditions of Administrative Segregation

1. Offenders classified to Administrative Segregation may retain only the personal property allowed by facility Operational Memorandum.

| CHAPTER | SUBJECT | AR # | Page 10 |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | EFFECTIVE 08/15/02 |

2. All offenders in Administrative Segregation shall have eye-glasses, dentures, legal papers, reading materials, prescribed medication, clothing that is not degrading, and access to basic hygiene items for use in their cells unless there is imminent danger that an offender or any other offender(s) will destroy an item or induce self-injury. [3-4249]

3. Whenever an offender is deprived of any usually authorized item or activity, a report of the action is filed in the offender's case record and forwarded to the chief security officer. [3-4253]

4. Offenders assigned to administrative segregation shall not be assigned to housing, work or programs which would permit them access outside the security perimeter.

   a. An offender assigned to administrative segregation must be escorted in restraints whenever removed from his/her cell for transport.

   b. Armed escort may be required whenever the offender is transported outside the facility's perimeter.

T. Administrative Segregation Staffing and Procedure:

1. The DOC shall govern the selection, criteria, supervision, and rotation of staff who work directly with offenders in segregation on a regular and daily basis. [3-4247]

2. Staff operating segregation units shall maintain a permanent log. [3-4248]

U. Procedural Irregularities and Variances

1. Any inadvertent procedural irregularity shall not constitute grounds for the setting aside, vacating or modifying a classification decision except upon a clear showing of prejudice to the offender.

2. Any variance of this Administrative Regulation shall be referred in writing, with recommendations and documentation, to the Executive Director.

V. RESPONSIBILITY

A. It shall be the responsibility of the Executive Director to ensure that due process procedures are followed in regard to Hearings on possible Administrative Segregation of an offender.

B. It shall be the responsibility of the Chief of Offender Services to ensure that procedures regarding offender segregation are carried out in a timely manner.

C. It shall be the responsibility of the appropriate Director to ensure that proper Classification Committees are established at every DOC facility.

D. It shall be the responsibility of the Chief of Offender Services, in coordination with the Training Academy Administrative Head, to ensure involved staff are adequately trained in the Administrative Segregation Hearing process.

E. It shall be the responsibility of the Administrative Heads to develop localized Implementation/Adjustments with regards to this Administrative Regulation.

VI. AUTHORITY

A. CRS 16-11-308. Custody of department of corrections - procedures.

B. CRS 17-1-103. Duties of executive director.

C. CRS 17-1-105. Powers of executive director.

VII. HISTORY

August 15, 2000
February 1, 2000
June 1, 1999
June 1, 1998
June 1, 1997
May 15, 1996 (supersedes DOC Regulation 202-2)
July 1, 1981
September 1, 1980

ATTACHMENTS:

A. DC Form 600-2A, Notice for Administrative Segregation

B. DC Form 600-2B, Classification Summary - Administrative Segregation Hearing

C. DC Form 600-2C, Administrative Segregation Hearing Review

D. DC Form 100-1A, Administrative Regulation Implementation/Adjustments

DC FORM 600-02A (08/02)

**CASE NO.** __________

# DEPARTMENT OF CORRECTIONS
# NOTICE FOR ADMINISTRATIVE SEGREGATION HEARING

**FACILITY** ______________________________

| | |
|---|---|
| **OFFENDER 1. NAME** | **DOC NUMBER** |
| **HOUSING UNIT** | **CURRENT SECURITY DESIGNATION** |

**2. SUMMARY:** (Factual Report, including who, what, when, where, and how) Use additional sheets if necessary.

**3. I certify that the foregoing statements are true & correct to the best of my knowledge.**

S/______________________________________________

Initiating Employee Date

S/______________________________________________

Administrative Head/Director Date

**4. HEARING SCHEDULE:**

Case referred to Classification, scheduled for ______________________________

**5. SERVING EMPLOYEE:**

You are hereby served this copy on this __________ day of ________________, 20______, at __________ ______ (am) (pm). If you desire witnesses or a representative, in accordance with Administrative Regulation 600-2, please notify the Classification Chairperson as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a continuance.

S/______________________________________________

Date

**6. OFFENDER ACKNOWLEDGMENT:**

I acknowledge receipt of a copy of the Notice for Administrative Segregation.

S/______________________________________________

Date

DISTRIBUTION:
- White - Department
- Canary - Working
- Pink - Administrative Head/Director
- Gold - Offender

ATTACHMENT "A"

DC FORM 600-02B (08/00)

**CASE NO.** ____________

**DEPARTMENT OF CORRECTIONS**

**CLASSIFICATION SUMMARY - ADMINISTRATIVE SEGREGATION HEARING**

**FACILITY** ______________________________

| | |
|---|---|
| **OFFENDER NAME** | **DOC NUMBER** |
| **CURRENT CUSTODY LEVEL** | **CURRENT PAROLE ELIGIBILITY** |

**REASONS(S)** for initiating placement in Administrative Segregation

_____ Conduct poses serious threat to security of a facility.
_____ To prevent imminent injury to an offender(s) or to an employee(s).
_____ To contain or prevent or quell a riot.
_____ To prevent serious property damage.
_____ To prevent escape, and/or
_____ Other (Specify) ________________________________________

EVIDENCE RELIED UPON: WITNESSES:

FINDING OF FACT:

DECISION:

Assign to **MAXIMUM SECURITY,** Administrative Segregation: No ☐ Yes ☐

REASON(s)

____________________________________________
Chairperson Date

| | | |
|---|---|---|
| DATE OF HEARING | TIME OF HEARING | LOCATION OF HEARING |

COMMITTEE MEMBERS PRESENT

ADMINISTRATIVE HEAD REVIEW:

☐ AFFIRM ☐ MODIFY ☐ REVERSE

COMMENTS:

S/ ____________________________________________
Administrative Head Date

Distribution: White - Department
Yellow - Working
Green - Offender

S/ ______________________________
Offender Receipt Date

ATTACHMENT "B"

DC FORM 600-02C (08/02)

**CASE NO.**___________________

**DEPARTMENT OF CORRECTIONS**
**ADMINISTRATIVE SEGREGATION HEARING REVIEW**

**FACILITY** ____________________________

| | |
|---|---|
| **OFFENDER NAME** | **DOC NUMBER** |
| **LAST REVIEW DATE** | **PAROLE ELIGIBILITY DISCHARGE DATE** |

**INITIAL REASONS(S)** for placement in Administrative Segregation. PLACEMENT DATE:______________

_____ Conduct poses serious threat to security of a facility.
_____ To prevent imminent injury to an offender(s) or to an employee(s).
_____ To contain or prevent or quell a riot.
_____ To prevent serious property damage.
_____ To prevent escape, and/or
_____ Other (Specify) ____________________________________________

DECISION OF COMMITTEE:

RETAIN IN Administrative Segregation: ☐ No ☐ Yes

JUSTIFICATION:

COMMITTEE MEMBERS' SIGNATURES:

________________________ ________________________ ________________________

| | |
|---|---|
| **DATE OF REVIEW** | **DATE OF NEXT REVIEW** |

ADMINISTRATIVE HEAD REVIEW:

☐ APPROVED ☐ DENY

COMMENTS:

S/____________________________________________
Administrative Head Date

OFFENDER SERVICES REVIEW:

☐ APPROVED ☐ DENY

COMMENTS:

S/____________________________________________
Chief of Offender Services Date

Distribution: White - Department
Yellow - Working
Green - Offender

ATTACHMENT "C"

# ADMINISTRATIVE REGULATION IMPLEMENTATION/ADJUSTMENTS

DC FORM 100-1A (09/94)

| CHAPTER | SUBJECT | AR # | EFFECTIVE |
|---|---|---|---|
| Offender Classification | Administrative Segregation | 600-02 | 08/15/02 |

(FACILITY/WORK UNIT NAME)______________________________
WILL ACCEPT AND IMPLEMENT THE PROVISIONS OF THE ABOVE ADMINISTRATIVE REGULATION:

[ ] AS WRITTEN [ ] NOT APPLICABLE [ ] WITH THE FOLLOWING ADJUSTMENTS TO MEET LOCALIZED OPERATIONS/CONDITIONS

(SIGNED) ______________________________ (DATE) ______________
Administrative Head

ATTACHMENT "D"