| | |
|---|---|
| COMBINED COURTS, COUNTY OF FREMONT<br>STATE OF COLORADO<br><br>136 Justice Center Road<br>Canon City, Colorado 81212<br>Telephone (719) 269-0114 | FILED IN COMBINED COURTS<br>MAY 25 2004<br>Fremont County, Colorado<br><br>**^COURT USE ONLY^** |
| **PLAINTIFF: THE PEOPLE OF THE STATE OF COLORADO**<br><br>**DEFENDANT: JOSHUA SUTTON** | |
| **EDWARD J. RODGERS, DISTRICT ATTORNEY**<br>136 Justice Center Road, Room 203<br>Canon City, Colorado 81212<br>719-269-0170<br>Attorney Registration Number: **#012495** | **Case Number 03CR451**<br><br>**Division: I** |
| **PLEA AGREEMENT** | |

**COMES NOW,** Edward J. Rodgers, District Attorney, within and for the Eleventh Judicial District of the State of Colorado, in and for the County of Fremont, State aforesaid, in the name and by the authority of the People of the State of Colorado; Magdalena Rosa, attorney of record for the Defendant; and the Defendant to inform the Court of the following plea agreement:

1. The Defendant pleads guilty to Count Number II of the Information which charges a violation of C.R.S. 18-3-203(1)(g), a Class 4 Felony, in that the Defendant committed the offense of Assault in the Second Degree.

2. The District Attorney consents to this plea after considering all of the circumstances of the case and the Defendant's background. Upon sentencing, it is agreed that the remaining charge will be dismissed, to-wit: Count I.

3. The only agreement as to sentence is that any sentence to the Department of Corrections shall not exceed eight (8) years to be served consecutive to any sentence the defendant is currently serving or has yet to serve. The defendant agrees to forfeit all evidence seized by law enforcement pursuant to this investigation.

4. The Defendant understands the possible penalties for the offense to which the guilty plea is entered are: (a) commitment to the custody of the Executive Director of the Department of Corrections for a definite term of between four & twelve years, plus a mandatory three year period of parole; or (b) a fine of not less than $2,000 nor more than $500,000; or, (c) in the discretion of the Court, both such fine and imprisonment. **In addition to said terms of incarceration and fine, any person who is paroled pursuant to C.R.S. 17-22.5-403, or any person who is not paroled and is discharged pursuant to law, shall be subject to a mandatory period of parole.**

The Defendant understands because he was under confinement and in prison as a convicted felon, that if the Court sentences the Defendant to incarceration, he will be sentenced to a term of at least

the midpoint in the presumptive range of years to not more than twice the maximum number of years authorized in the presumptive range, pursuant to C.R.S. 18-1-105(9)(a).

Further, the Defendant understands that he is ineligible to apply for probation because he has at least two prior felony convictions pursuant to C.R.S. 16-11-201(2).

5. The Defendant states that he understands the following:

(a) I have the right to remain silent, and I don't have to speak with anybody about this case. If I do make a statement or talk to someone, then whatever I say can and may be used against me in Court.

(b) I know that I have the right to have a lawyer to represent me all the way through this case. If I cannot afford to hire a lawyer, then the judge will appoint one to represent me without cost to me. I have a lawyer now and am fully satisfied with what he or she has done for me.

(c) Any plea I make, which includes a plea of guilty, must be voluntary on my part and not the result of any undue influence, coercion, or force on the part of anyone. In this case, I am pleading guilty because that is what I personally want to do. No one has forced or pressured me to plead guilty.

(d) I have a right to bail out of jail and I know the amount and type of the bail that has been set by a Judge.

(e) I have a right to a preliminary hearing, within a reasonable time, to determine if probable cause exists to believe the offense charged was committed by me. I understand that I have this right only as to any felony, and only if I have not already had or waived one.

(f) I have been advised of the nature of the charge, as well as the elements of the charge or charges to which I am pleading guilty. I have read those elements, which are attached to and a part of this agreement, and fully understand them.

(g) I understand that, when I plead guilty, I give up all of these rights. I voluntarily wish to give up these rights.

6. The Defendant further states that:

I know that I do not have to plead guilty, that I can plead not guilty and have the case tried to a jury. If I were to have a jury trial, I know that:

(a) I have a right to have my lawyer defend me.

(b) I have a right to see and hear any witnesses who testify against me.

(c) My lawyer could cross-examine or question all witnesses who testify against me.

(d) I can call such witnesses as I desire and can obtain subpoenas from the Court to require the attendance and testimony of those witnesses. If I cannot afford to pay the witness and mileage fees, the State of Colorado will pay them for me.

(e) I do not have to testify at any trial. Whether I testify at trial is totally my decision, even if my lawyer disagrees with me.

(f) If I do not want to testify at trial, the jury will be told that my decision not to testify cannot be used against me in any way whatsoever.

(g) The prosecutor would have to prove each and every element of the offense(s) charged against me beyond a reasonable doubt before I could be found guilty. I would have a presumption of innocence in my favor and would not have to prove anything.

(h) I have the right to a speedy trial, to normally be held within six (6) months from the day I plead not guilty. The trial would be a public one, and not held in secret.

(i) It requires a unanimous verdict of a jury before I can be found guilty.

(j) If I were found guilty, I could appeal the case to a higher court. If I could not afford the appeal, the State of Colorado would pay for it, including the costs of a lawyer to represent me.

(k) I have all of these rights but when I plead guilty, I give up all of these rights. I voluntarily wish to give up these rights.

7. The defense attorney, the Defendant, and the District Attorney agree that there are facts and a factual basis to support this plea and waive any further establishment of a factual basis.

8. No promises, agreements, or representations have been made to the Defendant other than what is in this written agreement. The Defendant understands that the Court will not be bound by an promises, agreements, or representations made by anyone concerning the penalty to be imposed, including the granting or denying of probation, unless they are included in this written agreement and approved by the Court. The Defendant understands that it is entirely up to the Court whether to approve or reject this written agreement. The Defendant understands that, if the Court rejects this written agreement, then the Defendant will be allowed to withdraw this guilty plea and plead not guilty, and have all charges tried to a jury.

9. The Defendant and the defense attorney state that the decision to enter this guilty plea was made after full and careful thought, with the advice of counsel, and with a full understanding of the Defendant's rights, the facts and circumstances of the case and the consequences of the plea. The Defendant was not under the influence of drugs, alcohol, or medicine when the decision to enter this plea was made, nor at the time of the actual entry of the guilty plea.

DONE this _____ day of ___________________ A.D. 2004

Joshua Sutton

Magdalena Rosa # 31716
Attorney for Defendant

EDWARD J. RODGERS
DISTRICT ATTORNEY
By:
Norman C. Cooling #14582
Deputy District Attorney

I, Magdalena Rosa, attorney for Joshua Sutton, inform this Court that I have fully advised my client pursuant to Rule 5 of Criminal Procedure. I have reviewed this plea agreement with him in its entirety. I have discussed with my client the facts of the case, the culpable mental state necessary, and any possible defenses. It is my professional opinion that he is entering into this plea agreement freely and voluntarily and with a full understanding of his or her legal rights.

SIGNED this 24 day of May A.D. 2004

Magdalena Rosa # 31716
Attorney for the Defendant

The elements of the crime of Assault in the Second Degree are:

1. That the Defendant,
2. in the State of Colorado, at and about the date and place charged,
3. with intent to cause serious bodily injury to another person,
4. caused serious bodily injury to any person.

A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware his conduct is of such nature or that such circumstance exists. A person acts "knowingly" with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

A person acts "intentionally" or "with intent" when his conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial whether or not the result actually occurred.