# I. Declaration In Support Of Plaintiff's Leave And Motion For A Temporary Restraining Order And Preliminary Injunction

Dear Honorable Judge(s),

I, Joshua Sutton, declare as follows:

1. As the Plaintiff, I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction to ensure that I receive necessary mental health care and/or equal protection.

2. As set forth in the proposed Supplemental Prisoner Complaint, and my Emergency Declaration Reply..., both completely incorporated herein; specifically, I was injured by an inmate, after I received and reported threat(s) to the proposed Defendant(s), and they refused to do anything to help me [I've learned the name of one inmate to be Mr. Smotherman].

3. Initially, upon my arrival here (BVCF, North Unit) I saw that there are three medium security units total, but ours is the only one where the cell doors and front walls are all made of bars.

4. In substitution of the other unit's non-transparent cell front walls, we had nearly black curtains ("privacy curtain") which partly kept female staff from

inadvertently/accidently seeing us undressing and or using the toilet in each cell.

5. I have Post Traumatic Stress Disorder (PTSD). ~~Which~~ It was caused by major and extremely traumatic event(s); such as, being taken and kept at age 8 ~~by/under the~~ wrongly and forced to endure abusive condition by person(s) acting under the color of State law. (This trend continued within prison and with interaction(s) with cop(s).)

6. People with PTSD generally struggle a great deal when current event(s) remind ~~the~~ them of the traumatic event(s) which contributed to them having PTSD.

7. As such, my being seen using the toilet and undressing by both males and females, when arriving here in November of 2015, was very reminiscent of past (sexual) humiliation and embarrassment - also ~~the~~ by the hands of person(s) acting under the guise/color of State law. (For details please see the "Emergency Declaration Reply - Due To Further Retaliation ..." Section II.

8. Generally, PTSD ~~has~~ does not have a life time prevalence - so with proper treatment and an environment that does not compromise ~~the~~ treatment - I will someday have little or no PTSD symptom(s)/PTSD.

9. With this in mind, I immediately reported these issue(s) ~~with~~ of being seen by both females and males to my new counselor(s) at this facility and they

in turn encouraged me to report these issue(s) to PREA (Prison Rape Elimination Act) administrator(s) - as I did.

10. During ~~the~~ a subsequent PREA investigation, I also encouraged other inmate(s) in my unit to voice their similar opinion(s) to the PREA investigators. And they said we did have the right to use ~~the~~ our cell(s) and cell toilet(s) and shower(s) without the female staff seeing us, as they were are here, and to live without this kind of shame, embarrassment, and humiliation.

11. It was these same PREA investigator(s) that told the warden (Jason Lengerich) that we had to be given the additional (privacy) curtain for our cell door(s) at least half way up (which leaves 3 to 4 times as much visualization area left though the remaining area then the visualization area of the other medium security level units within this prison - but it still would have been much progress) but the warden refused for about eight months.

12. We all continued to complaint, so not only did he continue to refuse, he took our top and bottom cell-wall(s) curtain(s) (tops on about 10-25/26-16 and bottoms on about 11-17-16).

13. For many prisoner(s) in my unit, this last act was the last straw; leading from shame, humiliation, and embossassment to rage, anger, and extreme irritability/aggression (including myself).

14. Many blamed me ("the so-called "jail house lawer" who can't leave thing(s) alone, and, thus, "fucking shit up for everyone else".

15. Of course I tryed to defend my position that if we donot continue to fight back in court they (the warden and other(s) under his employ) win.

16. It was during these many exchanges that I reportedall of the above written to the other proposed Defendant(s) and requested many times that I be moved because my safety ~~and~~ was endanger (and when my safety is endanger I'm very likely to re-live past ~~trauma~~ (flashbacks), as I did, and hurt someone or be hurt in ~~an~~ physical altercation, as I was).

17. All of the above act(s) have made my PTSD worst, during a time when myself and my counselor have worked hard to lessen my extreme PTSD ~~Syptom~~ Symptoms.

18. Frackly, situation(s) very similar to the the proposed CDOC Defendant(s) above action(s) (of abuse) are the reason(s) why so many people get out of prison more dangerous

than when they came in (Such has been the case with me).

19. The proposed Defendant(s) decrease/compromise our treatment (both mental health and substance abuse, called "Dual-Diagnosis" treatment) everyday, and, ~~thus~~ thus, the public's safety. See Attachment "T.C. Monthly Assessment" # 10-12 (dual treatment)

20. I/we are only asking for what the Colorado Department of Corrections proports to be made for; to "correct" the behaviors that brought us here.

21. Instead, those behaviors are being reenforced with time after time of social injustice(s), that we feel powerless to stop - unless we act aggressively; violently, but thats illegal, so many brake the law.

22. Surely, my writing this court and other(s) may change things, but we all are very aware that ~~thus~~ so far it has not.

23. Thus, we continue to suffer possibly irreparable broken trust with our society; which, I have learned over the last two (2) of group counseling, is the true source of most of our criminal behavior.

24. Simply put, the proposed Defendant(s) have a responsibility to provide us with the safety/security necessary for us to concentrate on continuing our treatment - but they are refusing and

in doing so the contrary is the result.

25. For the reasons set forth in the memorandum of law filed with this motion, I/we am entitled to a temporary restraining order requiring the proposed Defendant(s) to provide an appropriate amount of similar protection to Plaintiff (andor all of us in this unit), Joshua Sutton, designed to substitute, restore, and maintain the full function of the non-transparent cell door and wall of the other medium security level cells and units within the facility I am currently housed at (ie. a curtain on the lower half of any cell door which is made of bars, and any top half and lower of any cell wall which is made of bars also).

26. And, furthermore, a preliminary injunction requiring the same (or similar, as this Honorable Court deems just and proper) to prevent further injury(s), both physical andor psychological, before or during a determination in this matter.

27. I have attached the proposed Order to the actual motion.

28. For these reason(s) this Honorable Court should grant my motion.

29. Pursuant to 28 U.S.C.S 1746, I declare under penalty of perjury that the foregoing is true and correct.

• Certificate Of Service •

I certify the above was emailed to the Defendant(s)' attorney by court memorandum

Sincerely, Josh Sutton, 12-2-16

[illegible]

**COLORADO DEPARTMENT OF CORRECTIONS**
**Therapeutic Community Monthly Assessment**
**(Name of program and facility location)**

**Resident Name:** ______________________________ **Level:** __________ **DOC#:** __________ **Date:** ____/____/____

**Rater Directions:** Using the attached 3-point scale, write, within the appropriate column, a number (1-3) representing a comparison between the resident's behaviors during the last reporting period (30 days) and the behaviors identified below. Please provide a fair and honest evaluation. Raters will complete this form in the following order:

**1st: Column Input: Resident – 2nd Column Input: Structure – 3rd Column: Clinical Team**

**Note: the TC Clinical Team will always make the final decision on this Evaluation**

**RATING SCALE:** Exceeds Expectations **(3)** Meets Expectations **(2)** Below Expectations **(1)**

| | Resident | Structure | Clinical Team |
|---|---|---|---|
| 1. Resident takes responsibility of negative behaviors, both past and present. | | | |
| 2. Resident deals with adversity with a positive attitude on all levels of his treatment. | | | |
| 3. Resident is able to identify their irrational thinking and belief. *(Community Phase and above only).* | | | |
| 4. Resident's behavior and attitude set a good example for other members in the community. | | | |
| 5. Resident Submits game slips reflecting their ability to identify their core issues. | | | |
| 6. **All Phases: Resident** contributes to community in a healthy productive manner. | | | |
| 7. Resident uses TC tools to address behaviors of others and self in the program. | | | |
| 8. Resident accepts feedback and pull-ups with a good attitude. | | | |
| 9. Resident volunteers to complete jobs/tasks not assigned to him/her. | | | |
| 10. Resident evidences/verbalizes behaviors connected towards resolving his/her mental health treatment goal(s). | | | |
| 11. Resident evidences/verbalizes behaviors connected to resolving his/her substance abuse treatment goals. | | | |
| 12. Resident's treatment plan evidences goals towards changing past criminal conduct. **Clinical Team Response only** *(use only numbers 1 or 2)* | | | |

**Significant Events & Comments:**

**Resident** *(Successes, problems, plans, etc):*



M 8