# II. Memorandum Of Law
## In Support Of Motion For A T.R.O. And Preliminary Injunction

A. The Plaintiff Is Threatened With Irreparable Harm.

1. My declared allegations (that I have been denied an environment/mental health care, and or am being treated in a manner that undermines andor prevents, ~~the~~ andor is contrary to my prescribed PTSD treatment(s) andor addiction by my past psychologist andor psychiatrist, and or current counselor(s), and denies all of us in this unit equal protection) are now facts. Such factual conduct by the proposed Defendant(s) is a clear violation of the Eighth and or Fourteenth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976) (says that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference); and Cumbey v. Meachum, 684 F.2d 712, 714 (10th Cir 1982) (says my being seen regularly by female staff undressed andor on toilet is a 14th Amdt. Violation)
2. As a matter of law, the continuing deprivation of our constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally. See Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2nd Cir. 1984); McClendon v. City of Albuquerque, 272 F.Supp. 2d 1250, 1259 (D.N.M. 2003); and specifically in prison medical care cases, Phillips v. Michigan Dep't of Corrections, 731 F.Supp. 792, 801 (W.D. Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991).
3. In addition, I, and many others in this unit, am threatened with irreparable harm because of the nature of our treatment(s) (mental heath, and ~~addi~~ ~~and my injury(s)~~ or addition), and my injury(s) with loss of movement and or function. Without proper treatment

(mentalhealth, medical, and or addition) I and or many others may never Function normally.

B. The Balance Of Hardships Favor The Plaintiff.

1. In deciding whether to grant T.R.O.'s and preliminary injunctions, courts ask whether the suffering of the moving party [if the motion is denied) will outweigh the suffering of the non-moving party (if the motion is granted). See, e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2nd Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff).

2. In this case, the present suffering of Myself (and or many others in our unit) and my (and or our) potential suffering if I (andor we) continue to receive [unequal protection and or cruel and unusal punishment] (being forced to use our cell toilet(s) while female staff can and do see us and the other medium security level units here ~~use~~ allow prisoners living there to use their cell toilets in privacy) irreparable harm/undermined treatment(s) are enormous. The "suffering" the proposed Defendant(s) will experience (if ~~the~~ the court grants the order) will consist of taking some small action(s) (such as returning; substituting, and maintaining the full function of the curtains just taken and or covering up our cell doors and walls, made of bars, in any similar way as the other said units' cell doors and walls are) to cover my cell door(s) and walls similar to that of the other said units — something that the proposed Defendant(s) have done, and are obligated to do, for members of our said units on a daily basis. The proposed Defendant(s)

to my having been diagnosed with Post Traumatic Stress Disorder (PTSD) so I immediate began trying to emprove our living condition by complaining about the previous facts. (Id. at 5.-10.) The Proposed Defendant(s) were told to give additional similar protection to us, as the other two units had/have; but, instead, the little bit of protection we had was taken - leading to anger and aggression by all of the prisoners in my unit. (Id. at 11-13.) I was blamed and threatened by some of these prisoners, and reported this to proposed Defendant(s) - who ignored/refused to help me (in anyway), nor move me for my safety. (Id. at 14-16.) This increased my PTSD symptom(s) and undermined my current PTSD treatment and previous progress from PTSD treatment(s). (Id. at 17-24.) I was injuried (torn shoulder muscle(s)) by another inmate, immediately after and or during an argument about the above event(s) - and after the proposed Defendant(s) refused to do anything to help me. (Id. at ph. 2.)

## C.1. Entitlement To T.R.O. And Preliminary Injunction Argument

Introduction. In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors; such as: A) whether the party will suffer irreparable injury, B) the "balance of hardship" between the parties, C) the likelihood of success on the merits, and D) the public interest. Each of these facts favors granting my motion for Emergency temporary restraining order and or a preliminary injunction.

## ~~C.2~~ I Statement Of The Case

This is a civil rights action brought under 42 U.S.C. §1983 by myself, Joshua Sutton, a state DOC prison, whose shoulder muscle(s) were torn because prison staff ignored/~~my~~ refused my request(s) ~~to move~~ for protection after I reported that I was being threatened by other inmates, and I am presently in the same area as ~~the~~ I was when the injuries occurred. Also, initial and connected to the previous sentence/event(s); instigating them, prison staff ~~have~~ continued to have only made one of the three medium security level units use cell toilet(s) that have no visual obstruction to prevent female staff from repeatedly seeing us using the same cell toilet(s) and have, thus, resulted in (sexual) humiliation, embarrassment, and violence, increasing my PTSD symptoms.

Therefore, I seek a temporary restraining order and a preliminary injunction to ensure that I/we receive equal protection, and or any other just and proper treatment/remedy (safety/security, mental health, and or medical care).

## II Statement Of Facts

As stated in the declaration submitted with the motion, I was put in one of three units that are medium security level here at Buena Correctional Facility/Complex. (Declaration at ph. 3.) However, of the three same units, the unit I was put into is the only one where the cell doors and front walls are made-up of steal bars only. (Id.) Staff, both female and male, repeatedly saw us using the cell toilet(s). (Id. at 4.) This was/is reminiscent of the past (sexual) humiliation by different state staff which contributed

hardship amounts to business as usual, at the most.

C2. The Plaintiff Is Likely To Succeed On The Merits.

I am extremely likely to succeed on the merits. What the proposed Defendant(s) have done - "intentionally interfering with [mental health, addiction, and or medical] treatment once prescribed" - was specifically singled out by the U.S. Supreme Court as an example of unconstitutional "deliberate indifference" to prisoners' ~~medical~~ needs. See Estelle, supra. ~~Many~~

Many other courts have held that the failure to carry out ~~any~~ treatment order and or interfering with them is unconstitutional. ~~See, for example, Johnson v. Wright, 412 F.3d 398, 406 (2nd Cir. 2005)~~; See Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000); And the court of appeal of the 10th Circuit has stated that my beening seen regularly by women staff is a violation of the 14th Amendment. See Cumbey, supra, at 714.

D. The Relief Sought Will Serve the Public Interest.

In this case, it is always in the public interest for prison officials/staff to obey the law, especially the Constitution, and to show respect for ~~Thus I move to Supplement the Memorandum~~ the law is in a matter of the "highest public interest" See Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 2393 (E.D. Mich 1975); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986); and Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008). ~~12/07/16~~

## Requirement To Post Security Waiver

I am indigent and unable to post security; however, the court has the ability to waive the posting of security when the balance of fairness is overwhelmingly in my favor. See Elliott v. Kiesewetter, 98 F.3d 47, 60 (3rd Cir. 1996).

E. Conclusion: The Court should grant my motion for the above said reasons.

12-3-2016 Josh Sutton, PO Box 2017, Buena Vista CO 81211