IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00850-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MR. AURITI,

Defendant.

# REPORT & RECOMMENDATION AND ORDER REGARDING DEFENDANT AURITI'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 123)

**Michael J. Watanabe**
**United States Magistrate Judge**

In the instant action, Plaintiff, who proceeds pro se[1], has one remaining claim: an Eighth Amendment claim against the only remaining Defendant, Mr. Auriti. Before the Court is Defendant's motion for summary judgment (Docket No. 123), which was referred to the undersigned for recommendation by Judge Moore (Docket No. 124). Plaintiff filed a response (Docket No. 126) and Defendant filed a reply (Docket No. 127). The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure and case

---

[1] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

law. Now being fully informed the Court makes the following report and recommendation and order.

### Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and "[a]n issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal quotation marks omitted). The Court views the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 (10th Cir. 2008).

Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to

demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).

The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(c)(4), 56(e)(2), 56(e)(3). Only admissible evidence may be considered when ruling on a motion for summary judgment. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id*. "[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (quotations and citation omitted). The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000).

### **Background**

Plaintiff's Eighth Amendment claim against Defendant relates to his imprisonment in the Centennial Correctional Facility during the period April 1, 2015 through October 1, 2015. (Docket No. 37 at 9). In short, Plaintiff alleges that another

offender, later identified as Richard White, with whom he was housed told him "that 4 or 5 women's bodies were buried in a field in the town of S[e]dalia." (*Id.*) White then drew a map and asked Plaintiff to send the map to a friend of Plaintiff's who is an attorney. (*Id.*) Plaintiff "instead [ ] wrote a letter to the staff about" the incident "and told them the maps were[2] on [Plaintiff's] desk." (*Id.*) Plaintiff alleges that he handed the maps to Defendant and that about a month later White got into a fight with Plaintiff after accusing Plaintiff of "[telling] on him." (*Id.*)

Defendant argues that he is entitled to qualified immunity based on the undisputed facts. (Docket No. 123).

## **Undisputed and Disputed Facts**

Pursuant to Judge Moore's Practice Standards (*see* Civ. Practice Standard IV.B.2.b.ii), Defendant provided a Statement of Undisputed Material Facts (Docket No. 123-4), which includes citations to evidence supporting each statement of fact. Plaintiff's response includes a copy of the Statement of Undisputed Material Facts with handwritten comments. Plaintiff disputes only three of the twenty-two statements of fact. The remaining nineteen are noted as undisputed. Accordingly, the Court treats Facts 1-14 and 17-21 as undisputed for purposes of its analysis under Fed. Rule Civ. P. 56.

The following facts are disputed:

15. Auriti did not tell offender White or any other offender anything about Sutton's kite, the information in the kite, or the map. *See* Exh. A, Resp. No. 8, A & B, p. 9.

---

[2] In the kite Plaintiff sent to prison staff regarding the map or maps, he indicates that White "gave [him] 3 pages (2 maps, and some instructions) about where to find the bodies" which Plaintiff left "on [his] desk." (Docket No. 123-2 at 8). Further, the page of instructions and maps were provided to the Court and indicate that there were two maps, one general map and one more detailed map. (Docket No. 123-2 at 10-11).

4

> 16. Auriti kept all of the information contained in Sutton's kite and the map confidential and did not discuss the situation with anyone other than Lt. Russell. *Id.*
>
> 22. There are no Anatomical Forms, Ambulatory Health Records, or any other medical records or forms showing any injuries, or otherwise documenting any fight occurring between these two offenders in 2015. *See* Exh. C, Affidavit of Kathleen Boyd at ¶ 10.

(Docket No. 126 at 3-4). In support of his contention that these facts cannot be credited, Plaintiff states the following:

> [D]uring an argument, just before the fight, White said Defendant told him everything; thus, Defendant did not keep it confidential; and the grievances attached to my complaint, and my complaint, clearly document the fight and the injuries I received as a result; neither of which would have happened if Defendant had kept the information confidential.

(*Id.* at 1). As an initial matter, there are no grievance forms attached to the operative Fourth Amended Complaint (Docket No. 37). The Second Amended Complaint attaches three grievance forms as well as some other forms (*see* Docket No. 6 at 11-18), however, none of these exhibits relates to Plaintiff's allegation against Defendant or the alleged incidents with White. The First Amended Complaint and Third Amended Complaint do not attach any exhibits. (Docket Nos. 1 & 13). Accordingly, the Court must conclude that Plaintiff has provided no evidentiary support that contradicts the evidence provided by Defendant that supports these three statements of fact. However, because the Fourth Amended Complaint was sworn under penalty of perjury, (Docket No. 37 at 14), the Court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997). Where the Court treats a verified complaint as an affidavit, it must be mindful of "the principle that conclusory allegations without specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks and citation omitted); *see also Abdulhaseeb v. Calbone*, 600

5

F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56[(c)(4)][3].") (internal quotation marks and citation omitted).

The operative Fourth Amended Complaint provides limited information about Plaintiff's claim against Defendant. (Docket No. 37 at 9, 13). Plaintiff states that White "said [Plaintiff] had told on [White] because [Defendant Auriti] had told [White] . . . ." (Docket No. 37 at 9). Then they "got into an argument. [White] threatened [Plaintiff], and [they] fought." (*Id.*) Plaintiff notes that his face was swollen afterward. (*Id.*) Plaintiff also states that Defendant collected the maps and told White that Plaintiff "snitched" on White. (Docket No. 37 at 13). Fed. R. Civ. P. 56(c)(4) requires that an affidavit be made on personal knowledge, show that the affiant is competent, and include facts that would be admissible at trial. To the extent Plaintiff disputes Defendant's Facts 15 and 16 on the basis that White told Plaintiff that Defendant "snitched" on him, that is inadmissible evidence because it is hearsay. Plaintiff does not argue that this statement falls within an exception to the hearsay rule and the applicability of an exception is not obvious to the Court. As a result, other than Plaintiff's disagreement with Facts 15 and 16, there is no support for Plaintiff's position.

In order to create a genuine issue of dispute regarding Facts 15, 16, and 22, Plaintiff must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court will view in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory

---

[3] In 2010 Rule 56 was amended to include subsection c, which now sets the standard for affidavits and declarations.

statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998). Here, Plaintiff does not offer any such evidence. Accordingly, the Court finds Facts 15 and 16 to be undisputed.

Similarly, Plaintiff's statement that he and White fought and that his face was "swollen" after his encounter with White (Docket No. 37 at 9, 13), is contradicted by admissible evidence offered by Defendant. Specifically, Defendant offers the Affidavit of Kathleen Boyd (Docket No. 123-3), which makes clear that if a fight occurred, there would be records relating to a medical examination and there are no such records relating to either White or Sutton. Plaintiff's statements to the contrary do not meet the standard outline above. As a result, the Court concludes that Fact 22 is undisputed. However, this is not the end of the analysis. The Court can only grant summary judgment "if the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## **Analysis**

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability

when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a defendant raises qualified immunity as a defense, "a plaintiff must properly allege a deprivation of a constitutional right and must further show that the constitutional right was clearly established at the time of the violation." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). The Court is not required to address these inquiries in any specific order, *Pearson*, 555 U.S. at 236-37, and if a plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity, *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

In this case, the Court first addresses the alleged deprivation of Plaintiff's Eighth Amendment right. Plaintiff alleges that Defendant violated his Eighth Amendment right by "snitching" to White and, thereby, exposing him to potential physical harm from White. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. A violation of the Eighth Amendment occurs when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although prison officials have a duty to protect inmates from violence at the hands of other inmates, not every injury resulting from violence between inmates results in constitutionally liability. *Id.* at 833-34. An inmate asserting an Eighth Amendment claim must demonstrate: (1) that the harm was "sufficiently serious" under an objective standard; and (2) that the prison officials had "subjective knowledge of the risk of harm" but did nothing to prevent such harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008).

First, to satisfy the objective component of the standard, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm."

*Farmer*, 511 U.S. at 834. A prison official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Tenth Circuit has held that labeling an inmate a snitch and informing other inmates of that label with knowledge of the obvious risk of danger associated with that label violates the Eighth Amendment. *See Benefield v. McDowall*, 241 F.3d 1267, 1271-72 (10th Cir. 2001); *see also Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (reversing the district court and finding that the plaintiff adequately alleged that, by labeling him a snitch, the prison deputy "intended to do harm . . . by inciting inmate's to beat him."). The Tenth Circuit further held that "allegations of a prison officer's deliberate disclosures of dangerous information about an inmate's status" can sufficiently state a claim under the Eighth Amendment. *See Brown v. Narvais*, 265 Fed. Appx. 734, 736 (10th Cir. 2008) (unpublished).

In this case, there is no genuine issue of material fact as to this objective component. Defendant has offered undisputed evidence that he did not "snitch" to White. (Docket No. 123-1 at 8-9 (sworn responses to Request Nos. 8 & 9)). As explained above, Plaintiff's statements to the contrary are not supported by admissible evidence. Further, the Boyd Affidavit makes clear that there is no evidence of the alleged fight between White and Plaintiff. (Docket No. 123-3). The undisputed evidence simply does not support the conclusion that Plaintiff "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

Assuming arguendo that Plaintiff had been able to meet the objective component, Plaintiff fails to meet the subjective component. To satisfy the subjective component of the standard, the inmate must show both that the prison official was

"aware of facts from which the inference could be drawn that a substantial risk of harm exists" and that the prison official did in fact "draw the inference." *Farmer*, 511 U.S. at 837. "[D]eliberate indifference entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Defendant asserts that there is no evidence that he knew of and disregarded a substantial risk of serious harm to Plaintiff. The Court agrees because the undisputed evidence shows that Defendant kept the maps confidential and that no fight occurred.

As such, the Court finds that there are no genuine issues of disputed fact as to either the objective or subjective components of the Eighth Amendment claim, and Defendant is entitled to summary judgment on Plaintiff's Eight Amendment claim.

Accordingly, the Court recommends that Defendant Auriti's Motion for Summary Judgment (Docket No. 123) be granted.

## Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that Defendant Auriti's Motion for Summary Judgment (Docket No. 123) be GRANTED and that summary judgment enter in Defendant's favor and against Plaintiff as to Plaintiff's Eighth Amendment claim brought against Defendant.

## Order

In light of the Court's above recommendation, it is hereby ORDERED that the Final Pretrial Conference set on January 18, 2018 at 10:00 a.m. is VACATED. If needed, the Court will reset the Final Pretrial Conference after Judge Moore rules on this Recommendation.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: January 9, 2018  *s/ Michael J. Watanabe*
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge